Mark D. Etchart
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
(406) 443-6820
(406) 443-6883 Facsimile
mark@bkbh.com
christy@bkbh.com

Attorneys for Developers Surety and Indemnity Company and The Ohio Casualty Insurance Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| L. KEELEY CONSTRUCTION CO., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEVELOPERS SURETY AND INDEMNITY COMPANY, a California corporation, THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation, and WEATHERGUARD CORPORATION, a Montana corporation,<br><br>Defendants.<br><br>DEVELOPERS SURETY AND INDEMNITY COMPANY, a California corporation, and THE OHIO CASUALTY INSURANCE | Case No. CV-19-39-SEH<br><br>**DEFENDANTS DEVELOPERS SURETY AND INDEMNITY COMPANY AND THE OHIO CASUALTY INSURANCE COMPANY'S AMENDED CROSS-CLAIM and AMENDED THIRD-PARTY COMPLAINT AGAINST WEATHERGUARD CORPORATION AND VAN SMITH** |

COMPANY, an Ohio corporation,

       Third-Party Plaintiffs,

   v.

WEATHERGUARD CORPORATION, a Montana corporation, and VAN SMITH,

       Third-Party Defendants.

     Defendants Developers Surety and Indemnity Company ("Developers") and The Ohio Casualty Insurance Company ("Ohio Casualty") (collectively, "Sureties"), through counsel, submit this Amended Cross-Claim against Defendant Weatherguard Corporation ("Weatherguard") and their Amended Third-Party Complaint against Third-Party Defendant Van Smith ("Smith"), and allege as follows:

    1.    Developers was a California corporation and citizen of California.

    2.    Ohio Casualty is an Ohio corporation and citizen of Ohio. Ohio Casualty is authorized to conduct and is conducting surety business in the State of Montana.

    3.    Weatherguard was at all relevant times a Montana corporation with its principal place of business in Cascade County, Montana. On information and belief, Weatherguard conducts business as a commercial contractor.

4.  Weatherguard is a contractual indemnitor owing obligations to the Sureties.

5.  Smith is an individual who at all relevant times was a resident of the state of Montana, and is a contractual indemnitor for Weatherguard. Weatherguard and Smith are sometimes collectively referred to as "Indemnitors."

6.  Smith is the president of Weatherguard.

7.  This action involves the enforcement of the Surety's rights as a corporate Surety, to recover all losses, costs, expenses and attorneys' fees suffered as a result of claims asserted against a contractor performance bond issued by Sureties for Indemnitors and to require Indemnitors to reimburse those losses or to post sufficient collateral to ensure the recovery of such losses, costs and expenses.

8.  This Amended Cross-Claim and Amended Third-Party Complaint arise out of transactions occurring, in part, in Gallatin County, Montana. This Court has jurisdiction over the subject matter and the parties, and venue is proper in the Butte Division of this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b).

**Relevant Facts**

9.  Sureties incorporate herein the allegations of Paragraphs 1 through 8, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein.

2244217/6791.001

10. At all times relevant to this action, Weatherguard conducted business as a contractor or subcontractor on various projects, including private projects for which contractor or subcontractor performance or labor and material payment bonds were required by contract.

11. On or about June 30, 2016, Weatherguard contracted with Plaintiff L. Keeley Construction on a construction project in Bozeman, Montana (hereinafter the "Project").

12. On or about July 29, 2016, Developers, as Surety, executed and delivered a Subcontract Performance Bond No. 759185P (the "Bond") on behalf of Weatherguard, as Principal, to L. Keeley, as the bond Obligee, for the subcontract for the Project in the penal sum of $456,745.00 consistent with contract requirements. A true and correct copy of the Bond is attached hereto as **Exhibit B** and incorporated herein by this reference.

13. Pursuant to the terms of the Bond, Weatherguard (as Principal) and Developers (as Surety) were bound to L. Keeley, as Obligee, to accomplish performance of the bonded Project.

14. As an inducement and in partial consideration for Developers' execution of the above-referenced Bond for Weatherguard, Defendant Weatherguard and Third-Party Defendant Smith executed and delivered to Developers an Indemnity Agreement dated July 20, 2016 (hereinafter "Indemnity

Agreement"). Developers relied upon the Indemnity Agreement signed by all Indemnitors. A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit C** and incorporated herein by this reference.

15. Pursuant to the terms of the Indemnity Agreement, and in return for Developer's execution, as Surety, of the Bond requested by Weatherguard, Indemnitors agreed jointly and severally to exonerate and indemnify Surety for losses and expenses incurred as a result of the Bond, and according to the terms and conditions of the Indemnity Agreement.

16. As reflected in the Assumption Rider, attached as **Exhibit A**, Ohio Casualty became the surety as if it originally issued the Bond, effective August 26, 2019.

**First Cause of Action**
**(Express Indemnity Against Weatherguard and Smith)**

17. Sureties incorporate herein the allegations of Paragraphs 1 through 16, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein.

18. Weatherguard and Smith entered into the Indemnity Agreement in consideration for the execution of the Bond and other consideration. As a term and condition of the Indemnity Agreement, Weatherguard and Smith agreed to indemnify and save Developers and its successors harmless from and against any liability, loss, claims, demands, and/or costs and expenses of any kind including

interest, court costs, and attorney fees, and from any loss and/or expenses which Developers may sustain as a consequence of the execution of the Bond.

19. Developers received a claim from Plaintiff L. Keeley Construction on the Bond for the Project.

20. Developers notified Weatherguard and Smith upon Surety's receipt of notices and the Bond claim and provided Weatherguard and Smith a reasonable opportunity to respond to and resolve the Bond claim directly with L. Keeley and otherwise hold the Sureties harmless from the Bond claim.

21. However, efforts by Weatherguard and Smith to resolve or otherwise address the Bond claim were and have been insufficient to resolve or otherwise satisfy the claim, and the Indemnitors have failed or were otherwise unable to protect the Sureties from losses and exposure under its Bond.

22. Plaintiff L. Keeley Construction filed this lawsuit ("Lawsuit") against Weatherguard and the Sureties on the Bond for the Project.

23. As a result of the Bond claim, and in fulfillment of its obligations as bond surety, Developers and its successor, Ohio Casualty, were required to investigate, negotiate and defend against L. Keeley's Bond claim and this litigation. The Sureties have incurred expert consultant fees, attorneys' fees, costs, and expenses in the investigation of the bond claim, bond claim negotiations, and this litigation in an amount to be proven.

2244217/6791.001

24. Weatherguard and Smith have at all times failed, refused, and neglected to perform the terms of the Indemnity Agreement in accordance with the demand of Sureties to be exonerated, indemnified, and held harmless from and against the Lawsuit in accordance with their obligations under the Indemnity Agreement, by, among other things, refusing to reimburse Sureties for costs, expenses, and attorneys' fees incurred in investigating and handling the bond claim matters and in enforcing Sureties' rights under the terms of the Indemnity Agreement.

25. Sureties have performed or been excused from performing all the conditions and obligations to be performed on their part under the Indemnity Agreement.

26. Under the Indemnity Agreement, Weatherguard and Smith are jointly and severally liable to Sureties for the total of all losses, costs, or expenses which Sureties have sustained or which they might yet sustain or incur as surety for Weatherguard, and as a result of or in connection with the described Bond.

27. By reason of the foregoing, Sureties are entitled to enforce the provisions of the Indemnity Agreement against Weatherguard and Smith and, in particular, to recover against and be indemnified by Weatherguard and Smith for all its losses, costs, and expenses incurred or to be incurred on the Bond in accordance with the provisions of the Indemnity Agreement in an amount to be

proven, as they have not paid any amount to Sureties or otherwise complied with and performed their obligations and duties to Sureties under the Indemnity Agreement.

28. Sureties have incurred, and continue to incur, necessary and reasonable attorneys' fees and other costs and expenses in prosecuting this action against Weatherguard and Smith and in defending and resolving this bond claim against L. Keeley Construction. By the terms of the Indemnity Agreement between Weatherguard and Smith and Developers, Sureties are entitled to full reimbursement and indemnity of these fees, costs and expenses incurred as a result of the Bond from Weatherguard and Smith in an amount to be established at trial or other dispositive motion, equal to the total exposure to claims asserted against the Bond, plus interest.

**Second Cause of Action**
**(Breach of Written Contract Against Weatherguard and Smith)**

29. Sureties incorporate herein the allegations of Paragraphs 1 through 28, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein.

30. On July 20, 2016, Weatherguard and Smith entered into a written contract with Developers, the Indemnity Agreement, whereby they agreed to, among other things, indemnify Developers and its successors from and against any losses and/or expenses of any kind including interest, court costs, and attorney

fees, which Developers shall incur at any time by reason of its execution and/or delivery of the bond. Developers has performed its obligations under the Indemnity Agreement.

31. Pursuant to the terms of the Indemnity Agreement, Weatherguard and Smith were, among other things, required to indemnify Developers from and against any liability, losses, claims, demands and/or costs and expenses of any kind, including interest, court costs, and attorney fees herein.

32. Weatherguard and Smith have breached the terms of the Indemnity Agreement in that they have failed, refused, and neglected to perform the terms of the Indemnity Agreement in accordance with the demands of Sureties to be indemnified, by refusing to reimburse Sureties for costs, expenses, and attorney fees incurred in handling the Bond claim and enforcing Sureties' rights under the terms of the Indemnity Agreement.

33. By reason of the foregoing, and as required by Weatherguard and Smith, Sureties have secured legal counsel to defend Sureties against claims made by the Bond Obligee—L. Keeley Construction, to negotiate with Weatherguard, Smith, and the Bond Obligee, and pursue this Amended Cross-Claim against Weatherguard and this Amended Third-Party Complaint against Smith. Sureties have been damaged by the failure of Weatherguard and Smith to perform the Indemnity Agreement in accordance with its terms in an amount to be proven.

This amount is increasing monthly by, among other things, the amount Sureties are required to pay counsel, consultants and experts; negotiate with L. Keeley Construction and Weatherguard and Smith, and pursue and defend litigation against Weatherguard, Smith, and L. Keeley Construction.

## Third Cause of Action
### (Common Law Indemnification Against Weatherguard)

34. Sureties incorporate herein the allegations of Paragraphs 1 through 33, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein.

35. Under Montana common law, Weatherguard, as the principal under the Bond, is required to indemnify and hold harmless the Sureties from and against any and all liabilities, losses and expenses of any kind or nature, including, but not limited to, interest, costs, expenses, and attorney fees imposed upon, sustained or incurred by the Sureties as a result of the issuance of the Bond.

36. The Sureties have made a demand upon Weatherguard to be indemnified and placed in funds for all losses sustained as a result of the issuance of the Bond.

37. Weatherguard has failed to meet its obligations to the Sureties under Montana Law.

38. Weatherguard's failure to meet its obligations to the Sureties under Montana Law has damaged Sureties, and the Sureties are entitled to damages.

## Fourth Cause of Action
## (Specific Performance Against Weatherguard and Smith)

39. Sureties incorporate herein the allegations of Paragraphs 1 through 38, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein.

40. Pursuant to the Indemnity Agreement, each of the Indemnitors is required to place Sureties in sufficient funds to cover any and all losses or expenses, including attorneys' fees and costs, incurred by Sureties as a result of the issuance of the Bond. Accordingly, in or about July 2019, Sureties sent a written demand to Indemnitors to deposit $150,000 in cash collateral with Sureties to exonerate and indemnify Sureties from and against the claim and/or Lawsuit filed by L. Keeley Construction.

41. Pursuant to the Indemnity Agreement, Indemnitors are required to provide Sureties with access to Indemnitors' books, financial records and business records.

42. Pursuant to the Indemnity Agreement, the Indemnitors assigned all of Indemnitors' rights, title and interest to all contracts referenced in the Bond or any other bonded or unbonded contracts to Sureties.

43. There is no adequate remedy at law for the Sureties to recover the benefit of the Indemnity Agreement.

44. Sureties have performed and continue to perform all of their obligations under the Indemnity Agreement and Bond.

45. Sureties request specific performance of the provisions of the Indemnity Agreement which require Indemnitors to: place Sureties in sufficient funds to cover any loss for which Indemnitors will be obligated to indemnify Sureties under the terms of the Indemnity Agreement; provide Sureties access to Indemnitors' books and records; and assign all rights, title and interest to all bonded and unbonded contracts to Sureties.

## Fifth Cause of Action
### (Injunctive Relief – *Quia Timet* Rights against Weatherguard and Smith)

46. Sureties incorporate herein the allegations of Paragraphs 1 through 45, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein.

47. Under the equitable doctrine of *quia timet*, Sureties are entitled to have Indemnitors place funds or other security with Sureties sufficient to cover any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, attorneys' fees, costs of investigation, consultant fees, accountant fees, engineer or construction management fees, together with interest thereon at the maximum rate allowed by law, which Sureties may sustain or incur by reason or consequence of having

2244217/6791.001

issued the Bond to Weatherguard and/or Indemnitors' default under the Indemnity Agreement as set forth more fully above and in the Indemnity Agreement.

48. Indemnitors have failed to place Sureties in such funds in direct contravention to Suretys' *quia timet* rights.

49. Unless Indemnitors assets are collateralized, Sureties will not be adequately secured for their obligations under the Bond.

50. Sureties are without a plain, speedy, or adequate remedy at law, pecuniary compensation would not afford adequate relief, it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, and Sureties will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

51. Sureties are entitled to preliminary and permanent injunctive relief enforcing its *quia timet* rights and granting Sureties a lien upon all assets and property in which Indemnitors have an interest, such liens to remain in place until Sureties have been placed in funds as requested herein.

52. Sureties are entitled to a lien against all assets and property, real or personal, in which Indemnitors have an interest, such liens to remain in place until Sureties have been placed in funds as requested herein.

//

//

## Sixth Cause of Action
## (Quantum Meruit against Weatherguard and Smith)

53. Sureties incorporate herein the allegations of Paragraphs 1 through 52, inclusive, of this Amended Cross-Claim and Amended Third-Party Complaint as though fully set forth herein. Sureties make the allegations in this Cause of Action in the alternative in the event it is found or determined that Sureties and Indemnitors did not enter into an enforceable contract.

54. Sureties provided services to Indemnitors by, among other things, issuing the Bond to Weatherguard.

55. Indemnitors received the benefit conferred by Sureties by, among other things, being awarded the Project and profiting wherefrom.

56. Under the circumstances, equity requires that Indemnitors compensate Sureties for the value of the services provided, including the value of any and all losses or expenses, including attorneys' fees and costs, incurred by Sureties as a result of issuing the Bond to Weatherguard.

WHEREFORE, Sureties pray for judgment against Weatherguard and Smith, jointly and severally, as follows:

1. For entry of judgment in Sureties' favor.

2. For general damages in an amount to be proven at trial.

3. For all losses, expenses, attorneys' fees and costs incurred by the Sureties as a result of issuance of the Bond to the full extent allowed by law.

2244217/6791.001

4. For pre- and post- judgment interest on all sums at the maximum legal rate.

5. That Weatherguard and Smith be required to specifically perform the terms of the Indemnity Agreement and indemnify and hold Sureties harmless against any liability, loss, claims, demands, attorneys' fees, and costs and expenses incurred by Sureties by reason of issuance, execution, and/or delivery of the above Bond or incurred by Sureties in bringing this indemnity Cross-Claim and Third-Party Complaint.

6. For specific performance of the provisions of the Indemnity Agreement which require Indemnitors to place Sureties in sufficient funds to cover any possible liability or loss for which Indemnitors will be obligated to indemnify Sureties under the terms of the Indemnity Agreement.

7. For specific performance of the provisions of the Indemnity Agreement which require Indemnitors to assign to Sureties all right, title and interest in any contract of Indemnitors and to monies due to Indemnitors arising out of contracts covered by the Bond or any other bonded or unbonded contracts.

8. For specific performance of the provisions of the Indemnity Agreement which require Indemnitors to provide Sureties access to the Indemnitors' books and records.

9. For preliminary and permanent injunctive relief requiring Indemnitors

to place Sureties in funds by money, property or liens or security interest in real or personal property, as determined by Sureties.

10. For an Order granting a lien upon all assets and property in which Indemnitors have an interest, such liens to remain in place until Sureties have been placed in funds as requested herein.

11. For any other appropriate relief the circumstances may require, or which the Court may deem just and proper.

DATED this 6th day of July, 2020.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By  /s/ M. Christy S. McCann
    M. Christy S. McCann

Attorneys for Developers Surety and Indemnity Company and The Ohio Casualty Insurance Company

2244217/6791.001

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2020, a true copy of the foregoing was served:

Via ECF to the following parties:

Aaron M. Neilson
Eric Henkel
Christian Samson, PLLC
310 W. Spruce St.
Missoula, MT  59802

Gary S. Deschenes
Katherine A. Sharp
Deschenes & Assocs. Law Offices
P.O. Box 3466
Great Falls, MT 59403-3466


                       */s/ M. Christy S. McCann*
                       BROWNING, KALECZYC, BERRY & HOVEN, P.C.

2244217/6791.001